JAMES CONLEY, Bar No. 224174
jconley@grsm.com
DIANE HOLLAND, Bar No. 332992
dgerstenfeld@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California 95825
Telephone:     (916) 565-2900
Facsimile:     (916) 920-4402

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>JAMAL EDWARD LEE WOODLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants.</td><td>Case No.<br><br>Case No. C25-03522<br>(Contra Costa County Superior Court)<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441(B), AND 1446**<br><br>[*Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Notice of Interested Parties; and Declaration of James T. Conley*]<br><br>Complaint Filed:  December 2, 2025</td></tr>
</table>

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

- 1 -

**GORDON REES SCULLY MANSUKHANI, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT that Defendant WAL-MART ASSOCIATES, INC. ("Walmart" or "Defendant") by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Contra Costa to the United States District Court for the Northern District of California pursuant to United States Code, Title 28, Sections 1332, 1441(b), and 1446. Removal is proper on the grounds that: (1) there is complete diversity of citizenship between the parties as Plaintiff JAMAL EDWARD LEE WOODLEY ("Plaintiff") is a citizen of the State of California and the properly-named defendant is a citizen of the State of Delaware and/or the State of Arkansas; (2) the amount in controversy exceeds the jurisdictional minimum of more than $75,000 set forth in Section 1332(a); and (3) the foregoing facts were true when Plaintiff filed this action and remain true as of the date of the filing of this Notice of Removal.

## I.      THE STATE COURT ACTION

1.      On December 2, 2025, Plaintiff filed a Complaint for Damages entitled *"Jamal Edward Lee Woodley vs. Wal-Mart Associates, Inc., et al."* ("Complaint") in the Superior Court of the State of California for the County of Contra Costa, Case Number 025-03522. A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2.      On December 9, 2025, Plaintiff served Defendant with a copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference through its statutory agent, CT Corporation. A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference are attached hereto as **Exhibit B**.

3.      On January 7, 2026, Walmart filed its Answer to Plaintiff's Complaint. A true and correct copy of Walmart's Answer is attached hereto as **Exhibit C.**

## II.      REMOVAL IS TIMELY

4.      A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise,

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**GORDON REES SCULLY MANSUKHANI, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (holding that a defendant's time to remove is triggered by formal service of the summons and complaint).

5. The January 8, 2026, removal is timely because it occurred within thirty days of Walmart's December 9, 2025 service date.

### III.     COMPLETE DIVERSITY EXISTS BETWEEN PARTIES

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 on diversity grounds. Therefore, Walmart may remove this action to this Court pursuant to 28 U.S.C. § 1441.

7. Original jurisdiction exists because Plaintiff and all properly-named defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8. **Plaintiff is a Citizen of California**: Plaintiff is a resident of the State of California. **Exhibit A**, Complaint, ¶ 2. For diversity purposes, a person is a citizen of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Given his residency, Plaintiff is domiciled in and a citizen of the State of California.

9. **Walmart is Not a Citizen of California**: Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the principal place of business, as contained in Section 1332(c), is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

center of direction, control and coordination." *Id.*

10.    **Walmart Is a Citizen of The State of Delaware and/or The State of Arkansas:** Walmart is now, and was at the time of filing this action, a citizen of a State other than California within the meaning of meaning of United States Code, Title 28, Section 1332(c)(1). Specifically, at the time this action was commenced, Walmart was (and is still) incorporated under the laws of the State of Delaware, each with its principal place of business in the State of Arkansas. *See Cesena v. Wal-Mart Assocs., Inc.,* No. CV 16-2388-R, 2016 WL 3353931, at *2 (C.D. Cal. June 8, 2016) ("Defendant Walmart, which is incorporated in Delaware and has its principal place of business in Arkansas"); *Elliot v. Wal-Mart Stores, Inc.,* No. 1:09-CV-1420-OWW-GSA, 2009 WL 4253973, at *1 (E.D. Cal. Nov. 24, 2009), report and recommendation adopted, No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) ("Defendant [Wal-Mart] is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.").

11.    Thus, Walmart is not a citizen of the State of California. Rather, it is a citizen of the State of Delaware and/or the State of Arkansas for the purpose of determining jurisdiction.

12.    **"Doe" Defendant Citizenship**: "For purposes of removal…the citizenship of defendants sued under fictitious names should be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "Does 1 through 20" in the Complaint cannot defeat diversity jurisdiction.

**IV.    THE JURISDICTIONAL MINIMUM IS EASILY MET**

13.    This Court's jurisdictional minimum of an amount in controversy of more than $75,000 is and was satisfied at the time this action was filed, as explained below.

///

///

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

14. As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Removal is proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

15. "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). To meet this relatively low burden regarding the amount in controversy, a defendant may rely on the plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own numbers" for "purposes of analyzing the amount in controversy").

16. **Compensatory Damages**: In his Complaint, Plaintiff seeks damages for "past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity." (**Exhibit A**, Complaint, ¶ 37, and Prayer for Relief ¶ 1.) Assuming he has not secured new employment, Plaintiff puts at issue approximately 13.5 months of lost income to date since his termination on November 19, 2024. (*See* Declaration of James T. Conley ("Conley Decl."), at ¶ 3, filed concurrently herewith.) Assuming this case goes to trial in approximately 34.5 months, his back pay claim will seek almost 48 months (approximately 4 years) of lost wages and benefits. *See U.S. District Courts—Federal Court Management Statistics–Comparison Within Circuit—During the 12-Month Period Ending December 31, 2024, accessible at*

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

*https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_distcomparison1231.2024.pdf* (last accessed on January 5, 2026) (indicating that the median time from filing to trial for civil cases in the Northern District of California is 34.5 months). Walmart's records indicate that, at the time of his termination, Plaintiff was earning $23.53 per hour and working approximately 32 hours per week, thus earning approximately $753 per week and $3,227 per month. (*See* Conley Decl., at ¶ 3.) As of the date of removal, Plaintiff's claim for lost income is approximately **$154,896** ($3,227 for 48 months). (*See* Conley Decl., at ¶ 3.)

17. **Non-Economic Damages**: Plaintiff further alleges that he has suffered "severe and profound pain and emotional distress." (**Exhibit A**, Complaint, ¶¶ 36, 38, and Prayer for Relief ¶ 1.) A review of jury verdicts in California demonstrates that emotional distress awards in wrongful discharge cases commonly exceed $75,000. *See, e.g., Cosby v. Autozone, Inc.*, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability); *Kolas v. Access Business Group LLC,* 2008 WL 496470 (Los Angeles County Superior Court) (award of $200,000 in non-economic damages to employee terminated in part based on age); *Tiegs v. Bank of America*, 2004 WL 903847 (Orange County Superior Court) (jury award of more than $3,00,000 to 50 year old bank employee terminated because of age); *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Superior Court) (award of $2,087,500 pain and suffering damages awarded to doctor alleging discrimination and wrongful discharge). Therefore, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

18. **Punitive Damages**: Plaintiff seeks punitive damages. (**Exhibit A,** Complaint, ¶¶ 39, 50, 62, 68, 76, 84, 95, and Prayer for Relief, ¶ 5.) This amount alone well exceeds the $75,000 statutory minimum. Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Moreover, "[t]he fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases." *Id.* The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages, including punitive

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857, 2001 WL 1808527 (Jan. 1, 2001)) and $40,000,000 (*Lane v. Hughes Aircraft Co.,* JVR No. 801112, 1995 WL 17078750 (Jul. 1, 1995)). *Id.* As in *Simmons*, Plaintiff is alleging employment discrimination. Thus, the jury verdicts that supported a finding of the requisite amount in controversy in *Simmons* support such a finding here. Nevertheless, as mentioned, "the Court need not determine whether the cases Defendant cites are sufficiently factually analogous, and need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on her Complaint." *Mejia v. Parker Hannifin Corporation*, 2018 WL 582325, at *5, (C.D. Cal., Jan. 26, 2018, No. CV178477MWFRAOX).

19.    **Attorneys' Fees**: Plaintiff seeks attorneys' fees. (**Exhibit A**, Complaint, ¶¶ 51, 63, 69, 77, 85, and Prayer for Relief, ¶ 6.) Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy. *See Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory). Recently, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience*). See Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages). Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately Defendant will move for summary judgment. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees. Therefore, if Plaintiff is successful on his claims, he could be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA  95825

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

employment discrimination cases.

20.    Plaintiff's claims for economic damages, non-economic damages, punitive damages and attorneys' fees establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

## V.    VENUE

21.    Venue lies in this court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a). Under United States Code, Title 28, Section 1441(a), this case may properly be removed to the Northern District of California because Plaintiff filed this case in the Superior Court of The State of California, County of Contra Costa. Additionally, Defendant is informed and believes that the events allegedly giving rise to this action occurred within this judicial district.

## VI.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. §1446

22.    In accordance with United States Code, Title 28 Section 1446(a), Exhibits A-C constitute a copy of all processes, pleadings, and orders either served upon or by Defendant. As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Walmart was served with Plaintiff's Complaint. As required by United States Code, Title 28, Section 1446(d), Walmart will provide notice of this removal to Plaintiff through his attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Contra Costa.

## VII.    CONCLUSION

23.    Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

///

///

///

///

///

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT

24. In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

Dated: January 8, 2026                              GORDON REES SCULLY MANSUKHANI, LLP


By: _____
    James Conley
    Attorneys for Defendant
    WAL-MART ASSOCIATES, INC.

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

# EXHIBIT A

Electronically Filed Superior Court of CA County of Contra Costa 12/2/2025 12:22 PM By: C. Padilla, Deputy

SAMVEL GESHGIAN, ESQ. (SBN 300470)
  *sg@sggblaw.com*
GOURGEN BABAYAN, ESQ. (SBN 314499)
  *gb@sggblaw.com*
RICARDO KIM, ESQ. (SBN 300359)
  *rkim@sggblaw.com*
**SGGB LAW FIRM, LLP**
16530 Ventura Boulevard, Suite 409
Encino, California 91436
Telephone: (818) 855-1018
Facsimile: (818) 474-0047

Per local Rule, This case is assigned to
Judge Reyes, Benjamin T, II, for all purposes.

*Attorneys for Plaintiff,*
JAMAL EDWARD LEE WOODLEY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| JAMAL EDWARD LEE WOODLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>SUMMONS ISSUED | Case No.   C25-03522<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.; AND**<br><br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND OVER $35,000**<br><br>**[DEMAND FOR JURY TRIAL]** |

-1-
COMPLAINT FOR DAMAGES

**COMES NOW PLAINTIFF, JAMAL EDWARD LEE WOODLEY,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Contra Costa County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Contra Costa County, and because a significant part of the work performed and the relevant adverse employment actions that are subjects of this action were performed by Plaintiff in Contra Costa County.

## THE PARTIES

2.      Plaintiff, JAMAL EDWARD LEE WOODLEY, is and at all times relevant hereto was a resident of the County of Contra Costa, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant WAL-MART ASSOCIATES, INC. (hereinafter referred to as "Defendant, "Employer," or "Employer Defendant") was and is a Delaware corporation, doing business at 4893 Lone Tree Way, Antioch, CA 94531, in the County of Contra Costa, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employer Defendant owned and operated a retail grocery and other consumer products outlets in the state of California, across the United States, and around the world.

5.      At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.

Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

7.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

8.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

10.    Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination and retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department ("CRD"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

-3-

COMPLAINT FOR DAMAGES

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

11.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employer and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

12.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employer and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.    Employer and DOES 1-20 completely dominate and control one another, where DOES 1-20, personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.    Employer and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.    Employer and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.    Employer do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.    The business affairs of Employer and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employer and DOES 1-20, and at all times relevant hereto, were used by one another and Employer as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employer and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

-4-

COMPLAINT FOR DAMAGES

13. Accordingly, Employer constitute the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

14. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employer and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employer and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

15. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20 and Employer, (1) there is an express or implied agreement of assumption pursuant to which Employer and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employer and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employer and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employer and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employer and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

16. On or about January 2, 2021, Employer hired Plaintiff to work as an Overnight Stocking Associate at Employer's store in Valrico, FL. On or about July 2021, because Plaintiff's wife is an officer in the U.S. military and was being repositioned, Plaintiff requested and was granted a transfer to the Tyson Corner's Walmart store in Virginia. On or about July 2023, for the same reason, Plaintiff was transferred to Antioch's Walmart store in California. During all relevant times, Plaintiff's job duties included but were not limited to organizing and stocking store shelves. Plaintiff performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about November 19, 2024.

17. On or about September 2022, Plaintiff got injured while handling a heavy piece of furniture at work. Plaintiff notified the store manager and immediately went to the emergency room.

COMPLAINT FOR DAMAGES

Plaintiff tore the left rotator cuff and ruptured the bicep. This limitation impaired Plaintiff's ability to perform the major life activity of working and, therefore, constituted a disability. The emergency room doctor placed Plaintiff on leave, which was extended for about 10 months before Plaintiff was cleared to return to work, and recommended surgery. Plaintiff notified Employer of his medical condition and requested reasonable accommodation in the form of time off to recover from his injuries and safely return to work.

18.    On or about February 27, 2023, Plaintiff underwent surgery. Subsequently, Plaintiff received multiple sessions of physical therapy. Plaintiff was not cleared to return to work until or about June 2023. Plaintiff kept Employer informed of his medical status during this period.

19.    On or about June 2023, Plaintiff's doctor cleared him to work on modified duties, namely, no lifting weights over five pounds or lifting his arm above shoulder level.

20.    On or about July 2023, when Plaintiff's transfer to California was finalized, Plaintiff reported to Antioch, CA's Walmart store. Plaintiff notified Derek Doe (hereinafter referred to as "Derek"), store lead, of his medical restrictions. Derek told Plaintiff his modified duties had expired because the injuries Plaintiff suffered happened in another state. Derek then told Plaintiff he had to be one hundred percent healthy to work or he would cancel the transfer and terminate Plaintiff's employment. Plaintiff tried to reason with Derek explaining that he had just gone through surgery and that he still needed physical therapy. But Derek did not budge and required Plaintiff to enter the Employer's online system and confirm he had no medical restrictions so he could get work. Plaintiff complied.

21.    On or about September 2023, Derek assigned Plaintiff to the freezers section. After working there for a day, Plaintiff told Derek that the cold was bothering his injured shoulder. But Derek reminded Plaintiff that he signed the contract and told Plaintiff, "You want your job or not?"

22.    For the following days, noticing that his injuries were recurring and the pain increasing, Plaintiff talked to Angelique Doe (hereinafter referred to as "Angelique"), overnight coach, about his medical restrictions and requested accommodation. But Angelique assigned Plaintiff to the "seasonal section," which required Plaintiff to do heavier work and constantly move his arm above shoulder level.

-6-

COMPLAINT FOR DAMAGES

Plaintiff complained to Angelique who told Plaintiff he would be accommodated. But Plaintiff was never accommodated.

23.    At about the end of September 2023, Plaintiff reinjured the left rotator cuff and biceps and could hardly move his arm. This limitation impaired Plaintiff's ability to perform the major life activity of working and, therefore, constituted a disability. Plaintiff notified management of his injuries.

24.    A few days later, Plaintiff visited his medical provider and received an injection for the pain. The medical provider then cleared Plaintiff to work on modified duties, namely no lifting weights over five pounds or lifting his arm over shoulder level. Plaintiff notified management of these restrictions. But Employer did not accommodate or engage in an interactive process with Plaintiff. Plaintiff was again assigned to full duties where he had to constantly move and lift heavy merchandise and stock them on shelves above shoulder level. Plaintiff complained about it to management, but nothing was done to accommodate Plaintiff's medical restrictions. As a result of Plaintiff's extraordinary effort to keep his job, Plaintiff's right arm started to feel pain and stress from the heavy work.

25.    On or about October 2023, Plaintiff saw a medical provider who extended Plaintiff's modified duties to both arms. Plaintiff notified Employer of his medical restrictions, but no accommodations were provided. Instead, Plaintiff was assigned the extra work of putting up signage, which required Plaintiff to constantly lift his arms above his shoulders.

26.    Between October 2023 and June 2024, Plaintiff asked Employer's management, particularly Angelique, Lauren, and Stephanie, for accommodation multiple times. But all requests were ignored.

27.    Between July 2023 and June 2024, Employer consistently failed to reasonably accommodate Plaintiff's medical needs, aggravating his injuries, despite his repeated requests. Plaintiff is informed and believes that Employer's failure to accommodate and engage in a good faith interactive process with Plaintiff was specifically intended to force him to resign.

28.    On or about June 11, 2024, Plaintiff notified Sudi Doe (hereinafter referred to as "Sudi"), overnight coach, that he had aggravated his right shoulder injury and could not work without reasonable accommodation. This limitation impaired Plaintiff's ability to perform the major life activity of working and, therefore, constituted a disability. Sudi then asked Plaintiff to sign another document that assigned

COMPLAINT FOR DAMAGES

Plaintiff to the same duties he was already doing. Plaintiff signed the document as requested but explained the document did not address his medical needs and that he needed accommodation. After that, suddenly, Sudi and Alex Doe escorted Plaintiff out of the store. Plaintiff asked Sudi if he was being terminated, and Sudi told him he was not.

29.     For the following months, Plaintiff checked back with Employer multiple times for work, but no one returned Plaintiff's calls for clarification regarding his employment status.

30.     On or about November 19, 2024, Employer terminated Plaintiff's employment under the pretextual reason that Plaintiff voluntarily abandoned his job. Plaintiff believes this reason is false since Plaintiff was forced out of the workplace on or about June 11, 2024, and subsequently called multiple times to inquire about work, but his calls were never returned.

31.     Defendants discriminated against Plaintiff by refusing to accommodate his disability and retaliated by wrongfully terminating him for exercising his right to request reasonable accommodations of his disability.

32.     At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

33.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

34.     Plaintiff's wrongful termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

35.     Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of

-8-
COMPLAINT FOR DAMAGES

Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

36.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

37.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

38.    Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

39.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

**FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

40.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

41.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

42.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

43.    FEHA requires Defendants to refrain from discriminating against an employee on the basis of disability and/or medical condition, real or perceived, and to prevent discrimination on the

-9-

COMPLAINT FOR DAMAGES

basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

44.    Plaintiff was a member of multiple protected classes as a result of Plaintiff's disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition..

45.    At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

46.    Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, failure to hire/re-hire, and wrongful termination, and was harmed thereby.

47.    Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real and perceived, , and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

48.    Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

49.    The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

50.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

51.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

-10-

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

52. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

53. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

54. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

55. Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave based upon Plaintiff's disability, medical condition, , real or perceived, and use of medical leave.

56. Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and wrongful termination, and was harmed thereby.

57. Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

58. Defendants violated the FEHA by retaliating against Plaintiff and wrongfully terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

59. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

60. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

61. The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

-11-

COMPLAINT FOR DAMAGES

62.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

63.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

## IN VIOLATION OF GOV'T CODE §12940(k)

## AGAINST ALL DEFENDANTS

64.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

65.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

66.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

67.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

68.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

COMPLAINT FOR DAMAGES

rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

69.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

70.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

71.    At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

72.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

73.    At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and

-13-

COMPLAINT FOR DAMAGES

continued to violate this obligation, up to and including the date of Plaintiff's wrongful termination or, if Defendant contends Plaintiff was never wrongfully terminated, through the present and ongoing.

74. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

75. The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

76. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

77. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

### FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

78. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

79. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

80. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

81. Plaintiff reported the disability to Defendants and requested reasonable accommodation in the form of modified duties and time off to treat his injuries triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and wrongfully terminated Plaintiff's employment for exercising his rights to medical leave and/or reasonable accommodation. Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of multipole doctors' notes identifying Plaintiff's condition, verbal notifications of injuries, and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff before Plaintiff was wrongfully terminated.

82. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

83. The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

84. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

85. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

-15-

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

## FOR WRONGFUL TERMINATION

## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA

## AGAINST ALL DEFENDANTS

86.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

87.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

88.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

89.    Plaintiff believes and thereon alleges that Plaintiff's disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

90.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of disability, medical condition, real or perceived, or use of medical leave, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

91.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and wrongfully terminating Plaintiff's employment in retaliation for exercise of protected rights.

-16-

COMPLAINT FOR DAMAGES

92.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, exercise of PDLL rights, or in violation of FEHA.

93.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

94.    The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

95.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

3.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

-17-

COMPLAINT FOR DAMAGES

4.    For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

7.    For post-judgment interest; and

8.    For any other relief that is just and proper.

DATED:  December 2, 2025                **SGGB LAW FIRM, LLP**

By:  _____
Samvel Geshgian, Esq.
Gourgen Babayan, Esq.
Ricardo Kim, Esq.
*Attorneys for Plaintiff,*
JAMAL EDWARD LEE WOODLEY

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  December 2, 2025                **SGGB LAW FIRM, LLP**

By:  _____
Samvel Geshgian, Esq.
Gourgen Babayan, Esq.
Ricardo Kim, Esq.
*Attorneys for Plaintiff,*
JAMAL EDWARD LEE WOODLEY

-18-
COMPLAINT FOR DAMAGES

Electronically Filed Superior Court of CA County of Contra Costa 12/2/2025 12:22 PM By: C. Padilla,                **SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMAL EDWARD LEE WOODLEY, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Wakefield Taylor Courthouse<br><br>725 Court Street, Martinez, California 94553 | **CASE NUMBER:** *(Número del Caso):*<br><br>C25-03522 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SGGB LAW FIRM, LLP; 16530 Ventura Boulevard, Suite 409, Encino, California 91436; (818) 855-1018

| DATE: *(Fecha)* | 12/2/2025 12:22 PM | Clerk, by *(Secretario)* | /s/ C. Padilla | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  WAL-MART ASSOCIATES, INC., a Delaware Corporation
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Processed by Court on 12/4/2025 11:34 AM

Electronically Filed Superior Court of CA County of Contra Costa 12/2/2025 12:22 PM By: C. Padilla, Deputy

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Samvel Geshgian, Esq. (SBN 300470); Gourgen Babayan, Esq. (SBN 314499)<br>SGGB LAW FIRM, LLP; 16530 Ventura Boulevard, Suite 409, Encino, California 91436<br><br>TELEPHONE NO.: (818) 855-1018          FAX NO.: (818) 474-0047<br>EMAIL ADDRESS: sg@sggblaw.com; gb@sggblaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Jamal Edward Lee Woodley | *FOR COURT USE ONLY* |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA |
|---|
| STREET ADDRESS: 725 Court Street |
| MAILING ADDRESS: 725 Court Street |
| CITY AND ZIP CODE: Martinez 94553 |
| BRANCH NAME: Wakefield Taylor Courthouse |

| CASE NAME:<br>Jamal Edward Lee Woodley v. Wal-Mart Associates, Inc., et al. |
|---|

| **CIVIL CASE COVER SHEET**<br>[x] Unlimited    [ ] Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $35,000)   $35,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>C25-03522 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* six (6)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 2, 2025

Gourgen Babayan, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET**<br>Processed by Court on 12/4/2025 11:34 AM | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
        relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**EXHIBIT B**

**CT Corporation**
**Service of Process Notification**
12/09/2025
CT Log Number 550837328

## Service of Process Transmittal Summary

**TO:**    KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**    **Process Served in California**

**FOR:**    Wal-Mart Associates, Inc.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Woodley Jamal Edward Lee, an individual // To: Wal-Mart Associates, Inc. |
| **DOCUMENT(S) SERVED:** | Notice(s), Complaint(s), Summons, Cover Sheet, Attachment(s) |
| **COURT/AGENCY:** | Contra Costa County, Superior Court, CA<br>Civil Rights Department State of California, CA<br>Case # C2503522 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/09/2025 at 13:52 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Samvel Geshgian<br>SGGB Law Firm, LLP<br>16530 Ventura Boulevard, Suite 409<br>Encino, CA 91436<br>818-855-1018 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/10/2025, Expected Purge Date: 12/20/2025<br><br>Image SOP<br><br>Email Notification,  Grymarys De Jesus  grymarys.dejesus@walmart.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**  Tue, Dec 9, 2025
**Server Name:**  Jimmy Lizama

| | |
|---|---|
| Entity Served | WAL-MART ASSOCIATES, INC. |
| Case Number | C25-03522 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |





STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 2, 2025

SGGB Law Firm LLP
16530 Ventura Boulevard, Suite 409
Encino, CA 91436

RE:   **Notice to Complainant's Attorney**
      CRD Matter Number: 202511-32383526
      Right to Sue: Woodley / Wal-Mart Associates, Inc., a Delaware Corporation et al.

Dear SGGB Law Firm LLP:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 2, 2025

RE:   **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202511-32383526
Right to Sue: Woodley / Wal-Mart Associates, Inc., a Delaware Corporation et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 2, 2025

Jamal Edward Lee Woodley
16530 Ventura Boulevard, Suite 409
Encino, CA 91436

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202511-32383526
Right to Sue: Woodley / Wal-Mart Associates, Inc., a Delaware Corporation et al.

Dear Jamal Edward Lee Woodley:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 2, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**
Jamal Edward Lee Woodley                    CRD No. 202511-32383526

                              Complainant,

vs.

Wal-Mart Associates, Inc., a Delaware Corporation
1 Customer Dr
Bentonville, AR 72716

Wal-Mart Associates, Inc., a Delaware Corporation
4893 Lone Tree Wy
Antioch, CA 94531

                              Respondents

---

1. Respondent **Wal-Mart Associates, Inc., a Delaware Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Wal-Mart Associates, Inc., a Delaware Corporation** business as Co-Respondent(s).

3. Complainant **Jamal Edward Lee Woodley**, resides in the City of **Encino**, State of **CA**.

4. Complainant alleges that on or about **November 19, 2024**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's medical condition (cancer or genetic characteristic), other, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied family care and medical leave (cfra) related to

-1-
*Complaint – CRD No. 202511-32383526*

Date Filed: December 2, 2025

serious health condition of employee or family member, child bonding, or military exigencies, given additional work responsibilities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, reprimanded, suspended, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, given additional work responsibilities or assignments.

**Additional Complaint Details:** On or about January 2, 2021, WAL-MART ASSOCIATES, INC. (hereinafter referred to as "Respondent" or "Employer Respondent") hired JAMAL EDWARD LEE WOODLEY (hereinafter referred to as "Claimant") to work as an Overnight Stocking Associate in Valrico, FL. On or about July 2021, because Claimant's wife is an officer in the U.S. military and was being repositioned, Claimant requested and was granted a transfer to the Tyson Corner's Walmart store in Virginia. On or about July 2023, for the same reason, Claimant was transferred to Antioch's Walmart store in California. During all relevant times, Claimant's job duties included but were not limited to organizing and stocking store shelves. Claimant performed all of Claimant's job duties satisfactorily before Claimant was wrongfully terminated on or about November 19, 2024.

On or about September 2022, Claimant got injured while handling a heavy piece of furniture at work. Claimant notified the store manager and immediately went to the emergency room. Claimant tore the left rotator cuff and ruptured the bicep. This limitation impaired Claimant's ability to perform the major life activity of working and, therefore, constituted a disability. The emergency room doctor placed Claimant on leave, which was extended for about 10 months before Claimant was cleared to return to work, and recommended surgery. Claimant notified Respondent of his medical condition and requested reasonable accommodation in the form of time off to recover from his injuries and safely return to work.

On or about February 27, 2023, Claimant underwent surgery. Subsequently, Claimant received multiple sessions of physical therapy. Claimant was not cleared to return to work until or about June 2023. Claimant kept Respondent informed of his medical status during this period.

On or about June 2023, Claimant's doctor cleared him to work on modified duties, namely, no lifting weights over five pounds or lifting his arm above shoulder level.

On or about July 2023, when Claimant's transfer to California was finalized, Claimant reported to Antioch, CA's Walmart store. Claimant notified Derek Doe (hereinafter referred to as "Derek"), store lead, of his medical restrictions. Derek told Claimant his modified duties had expired because the injuries Claimant suffered happened in another state. Derek then

-2-

*Complaint – CRD No. 202511-32383526*

Date Filed: December 2, 2025

CRD-ENF 80 RS (Revised 2025/02)

told Claimant he had to be one hundred percent healthy to work or he would cancel the transfer and terminate Claimant's employment. Claimant tried to reason with Derek explaining that he had just gone through surgery and that he still needed physical therapy. But Derek did not budge and required Claimant to enter the Respondent's online system and confirm he had no medical restrictions so he could get work. Claimant complied.

On or about September 2023, Derek assigned Claimant to the freezers section. After working there for a day, Claimant told Derek that the cold was bothering his injured shoulder. But Derek reminded Claimant that he signed the contract and told Claimant, "You want your job or not?"

For the following days, noticing that his injuries were recurring and the pain increasing, Claimant talked to Angelique Doe (hereinafter referred to as "Angelique"), overnight coach, about his medical restrictions and requested accommodation. But Angelique assigned Claimant to the "seasonal section," which required Claimant to do heavier work and constantly move his arm above shoulder level. Claimant complained to Angelique who told Claimant he would be accommodated. But Claimant was never accommodated.

At about the end of September 2023, Claimant reinjured the left rotator cuff and biceps and could hardly move his arm. This limitation impaired Claimant's ability to perform the major life activity of working and, therefore, constituted a disability. Claimant notified management of his injuries.

A few days later, Claimant visited his medical provider and received an injection for the pain. The medical provider then cleared Claimant to work on modified duties, namely no lifting weights over five pounds or lifting his arm over shoulder level. Claimant notified management of these restrictions. But Respondent did not accommodate or engage in an interactive process with Claimant. Claimant was again assigned to full duties where he had to constantly move and lift heavy merchandise and stock them on shelves above shoulder level. Claimant complained about it to management, but nothing was done to accommodate Claimant's medical restrictions. As a result of Claimant's extraordinary effort to keep his job, Claimant's right arm started to feel pain and stress from the heavy work.

On or about October 2023, Claimant saw a medical provider who extended Claimant's modified duties to both arms. Claimant notified Respondent of his medical restrictions, but no accommodations were provided. Instead, Claimant was assigned the extra work of putting up signage, which required Claimant to constantly lift his arms above his shoulders.

Between October 2023 and June 2024, Claimant asked Respondent's management, particularly Angelique, Lauren, and Stephanie, for accommodation multiple times. But all requests were ignored.

Between July 2023 and June 2024, Respondent consistently failed to reasonably accommodate Claimant's medical needs, aggravating his injuries, despite his repeated requests. Claimant is informed and believes that Respondent's failure to accommodate and

-3-

Complaint – CRD No. 202511-32383526

Date Filed: December 2, 2025

CRD-ENF 80 RS (Revised 2025/02)

engage in a good faith interactive process with Claimant's was specifically intended to force him to resign.

On or about June 11, 2024, Claimant notified Sudi Doe (hereinafter referred to as "Sudi"), overnight coach, that he had aggravated his right shoulder injury and could not work without reasonable accommodation. This limitation impaired Claimant's ability to perform the major life activity of working and, therefore, constituted a disability. Sudi then asked Claimant to sign another document that assigned Claimant to the same duties he was already doing. Claimant signed the document as requested but explained the document did not address his medical needs and that he needed accommodation. After that, suddenly, Sudi and Alex Doe escorted Claimant out of the store. Claimant asked Sudi if he was being terminated, and Sudi told him he was not.

For the following months, Claimant checked back with Respondent multiple times for work, but no one returned Claimant's calls for clarification regarding his employment status.

On or about November 19, 2024, Respondent terminated Claimant's employment under the pretextual reason that Claimant voluntarily abandoned his job. Claimant believes this reason is false since Claimant was forced out of the workplace on or about June 11, 2024, and subsequently called multiple times to inquire about work, but his calls were never returned.

Based on the events set forth above, Claimant believes Employer Respondent discriminated and retaliated against Claimant because of his disability and/or medical condition, real or perceived, and for engaging in the protected activities of requesting reasonable accommodation for his disability and/or medical condition. Claimant's wrongful termination was substantially motivated by Claimant's disability and/or medical condition, real or perceived, and for engaging in the protected activities of asking to be reasonably accommodated in the form of modified duties and time off so Claimant could care for his disability and/or medical condition. If Employer Respondent claims that Claimant was not terminated, then Employer Respondent has failed and continues to fail to reinstate Claimant to his original role as an Overnight Stocking Associate.

-4-
*Complaint – CRD No. 202511-32383526*

Date Filed: December 2, 2025

CRD-ENF 80 RS (Revised 2025/02)

VERIFICATION

I, **Gourgen Babayan, Esq.**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On December 2, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Encino, California**

*Complaint – CRD No. 202511-32383526*

Date Filed: December 2, 2025

CRD-ENF 80 RS (Revised 2025/02)

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org



S. Lind
Court Executive Officer

| CASE NAME:<br>JAMAL WOODLEY VS. WAL-MART ASSOCIATES, INC. | CASE NUMBER:<br>C25-03522 |
|---|---|

1. NOTICE IS HEREBY GIVEN THAT A CASE MANAGEMENT CONFERENCE IS SET IN THE ABOVE ENTITLED CASE AND WILL BE HELD IN THIS COURT ON:

| HEARING DATE:<br>03/17/2026 | HEARING TIME:<br>8:30 AM | HEARING LOCATION:<br>DEPARTMENT 16<br>725 COURT STREET  RM 320  MARTINEZ, CA 94553 |
|---|---|---|

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT STATEMENT, AND A BLANK ADR CASE MANAGEMENT STIPULATION AND ORDER FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. YOU MAY STIPULATE TO AN EARLIER CASE MANAGEMENT CONFERENCE. IF ALL PARTIES AGREE TO AN EARLY CASE MANAGEMENT CONFERENCE, PLEASE CONTACT THE COURT CLERK'S OFFICE AT (925)608-1000 FOR UNLIMITED CIVIL AND LIMITED CIVIL CASES FOR ASSIGNMENT OF AN EARLIER DATE.

3. YOU MUST BE FAMILIAR WITH THE CASE AND BE FULLY PREPARED TO PARTICIPATE EFFECTIVELY IN THE CASE MANAGEMENT CONFERENCE AND TO DISCUSS THE SUITABILITY OF THIS CASE FOR THE EASE PROGRAM, PRIVATE MEDIATION, BINDING OR NON-BINDING ARBITRATION, AND/OR USE OF A SPECIAL MASTER.

4. AT ANY CASE MANAGEMENT CONFERENCE THE COURT MAY MAKE PRETRIAL ORDERS INCLUDING THE FOLLOWING:
   a) AN ORDER ESTABLISHING A DISCOVERY SCHEDULE
   b) AN ORDER REFERRING THE CASE TO ARBITRATION
   c) AN ORDER TRANSFERRING THE CASE TO LIMITED JURISDICTION
   d) AN ORDER DISMISSING FICTITIOUS DEFENDANTS
   e) AN ORDER SCHEDULING EXCHANGE OF EXPERT WITNESS INFORMATION
   f) AN ORDER SETTING SUBSEQUENT CONFERENCE AND THE TRIAL DATE
   g) AN ORDER CONSOLIDATING CASES
   h) AN ORDER SEVERING TRIAL OF CROSS-COMPLAINTS OR BIFURCATING ISSUES
   i) AN ORDER DETERMINING WHEN DEMURRERS AND MOTIONS WILL BE FILED

### SANCTIONS

IF YOU DO NOT FILE THE CASE MANAGEMENT STATEMENT OR ATTEND THE CASE MANAGEMENT CONFERENCE OR PARTICIPATE EFFECTIVELY IN THE CONFERENCE, THE COURT MAY IMPOSE SANCTIONS (INCLUDING DISMISSAL OF THE CASE AND PAYMENT OF MONEY).

### SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY

I HEREBY CERTIFY THAT I AM THE CLERK OF THIS COURT, NOT A PARTY TO THIS CAUSE; THAT I SERVED A COPY OF THIS NOTICE ON THE BELOW DATE, BY ELECTRONIC SERVICE TO THE PARTIES OR THEIR COUNSEL OF RECORD AT THE EMAIL ADDRESSES SET FORTH BELOW AND SHOWN BY THE RECORDS OF THIS COURT, OR, IF A PHYSICAL MAILING ADDRESS IS PRESENT BELOW, BY PLACING THE DOCUMENT(S) IN AN ENVELOPE FOR COLLECTION AND MAILING, FOLLOWING THE COURT'S ORDINARY BUSINESS PRACTICES FOR COLLECTING AND PROCESSING CORRESPONDENCE FOR MAILING. ON THE SAME DAY THE CORRESPONDENCE IS PLACED FOR COLLECTION AND MAILING, IT IS DEPOSITED IN THE ORDINARY COURSE OF BUSINESS WITH THE UNITED STATES POSTAL SERVICE, IN A SEALED ENVELOPE WITH POSTAGE FULLY PREPAID.

DATE:    12/4/2025                BY:  /s/C. Padilla

C. PADILLA, DEPUTY CLERK

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



S. Lind
Court Executive Officer

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR
CASE NUMBER: C25-03522 ON 12/4/2025:


SAMYEL GESHGIAN
20750 VENTURA BLVD SUITE 100
WOODLAND HILLS CA  91364
SG@SGGBLAW.COM

Electronically Filed Superior Court of CA County of Contra Costa 12/2/2025 12:22 PM By: C. Padilla, Deputy

SAMVEL GESHGIAN, ESQ. (SBN 300470)
*sg@sggblaw.com*
GOURGEN BABAYAN, ESQ. (SBN 314499)
*gb@sggblaw.com*
RICARDO KIM, ESQ. (SBN 300359)
*rkim@sggblaw.com*
**SGGB LAW FIRM, LLP**
16530 Ventura Boulevard, Suite 409
Encino, California 91436
Telephone: (818) 855-1018
Facsimile: (818) 474-0047

Per local Rule, This case is assigned to
Judge Reyes, Benjamin T, II, for all purposes.

*Attorneys for Plaintiff,*
JAMAL EDWARD LEE WOODLEY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| JAMAL EDWARD LEE WOODLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>**SUMMONS ISSUED** | Case No.   C25-03522<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.; AND**<br><br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND OVER $35,000**<br><br>**[DEMAND FOR JURY TRIAL]** |

-1-
COMPLAINT FOR DAMAGES

**COMES NOW PLAINTIFF, JAMAL EDWARD LEE WOODLEY,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1. This Court is the proper court, and this action is properly filed in Contra Costa County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Contra Costa County, and because a significant part of the work performed and the relevant adverse employment actions that are subjects of this action were performed by Plaintiff in Contra Costa County.

## THE PARTIES

2. Plaintiff, JAMAL EDWARD LEE WOODLEY, is and at all times relevant hereto was a resident of the County of Contra Costa, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant WAL-MART ASSOCIATES, INC. (hereinafter referred to as "Defendant, "Employer," or "Employer Defendant") was and is a Delaware corporation, doing business at 4893 Lone Tree Way, Antioch, CA 94531, in the County of Contra Costa, State of California.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employer Defendant owned and operated a retail grocery and other consumer products outlets in the state of California, across the United States, and around the world.

5. At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.

-2-

COMPLAINT FOR DAMAGES

Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

7. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

8. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

10. Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination and retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department ("CRD"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

-3-

COMPLAINT FOR DAMAGES

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

11.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employer and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

12.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employer and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.    Employer and DOES 1-20 completely dominate and control one another, where DOES 1-20, personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.    Employer and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.    Employer and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.    Employer do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.    The business affairs of Employer and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Employer and DOES 1-20, and at all times relevant hereto, were used by one another and Employer as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Employer and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

COMPLAINT FOR DAMAGES

13. Accordingly, Employer constitute the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

14. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employer and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employer and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

15. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20 and Employer, (1) there is an express or implied agreement of assumption pursuant to which Employer and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employer and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employer and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employer and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employer and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

16. On or about January 2, 2021, Employer hired Plaintiff to work as an Overnight Stocking Associate at Employer's store in Valrico, FL. On or about July 2021, because Plaintiff's wife is an officer in the U.S. military and was being repositioned, Plaintiff requested and was granted a transfer to the Tyson Corner's Walmart store in Virginia. On or about July 2023, for the same reason, Plaintiff was transferred to Antioch's Walmart store in California. During all relevant times, Plaintiff's job duties included but were not limited to organizing and stocking store shelves. Plaintiff performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about November 19, 2024.

17. On or about September 2022, Plaintiff got injured while handling a heavy piece of furniture at work. Plaintiff notified the store manager and immediately went to the emergency room.

COMPLAINT FOR DAMAGES

Plaintiff tore the left rotator cuff and ruptured the bicep. This limitation impaired Plaintiff's ability to perform the major life activity of working and, therefore, constituted a disability. The emergency room doctor placed Plaintiff on leave, which was extended for about 10 months before Plaintiff was cleared to return to work, and recommended surgery. Plaintiff notified Employer of his medical condition and requested reasonable accommodation in the form of time off to recover from his injuries and safely return to work.

18.    On or about February 27, 2023, Plaintiff underwent surgery. Subsequently, Plaintiff received multiple sessions of physical therapy. Plaintiff was not cleared to return to work until or about June 2023. Plaintiff kept Employer informed of his medical status during this period.

19.    On or about June 2023, Plaintiff's doctor cleared him to work on modified duties, namely, no lifting weights over five pounds or lifting his arm above shoulder level.

20.    On or about July 2023, when Plaintiff's transfer to California was finalized, Plaintiff reported to Antioch, CA's Walmart store. Plaintiff notified Derek Doe (hereinafter referred to as "Derek"), store lead, of his medical restrictions. Derek told Plaintiff his modified duties had expired because the injuries Plaintiff suffered happened in another state. Derek then told Plaintiff he had to be one hundred percent healthy to work or he would cancel the transfer and terminate Plaintiff's employment. Plaintiff tried to reason with Derek explaining that he had just gone through surgery and that he still needed physical therapy. But Derek did not budge and required Plaintiff to enter the Employer's online system and confirm he had no medical restrictions so he could get work. Plaintiff complied.

21.    On or about September 2023, Derek assigned Plaintiff to the freezers section. After working there for a day, Plaintiff told Derek that the cold was bothering his injured shoulder. But Derek reminded Plaintiff that he signed the contract and told Plaintiff, "You want your job or not?"

22.    For the following days, noticing that his injuries were recurring and the pain increasing, Plaintiff talked to Angelique Doe (hereinafter referred to as "Angelique"), overnight coach, about his medical restrictions and requested accommodation. But Angelique assigned Plaintiff to the "seasonal section," which required Plaintiff to do heavier work and constantly move his arm above shoulder level.

-6-

COMPLAINT FOR DAMAGES

Plaintiff complained to Angelique who told Plaintiff he would be accommodated. But Plaintiff was never accommodated.

23.    At about the end of September 2023, Plaintiff reinjured the left rotator cuff and biceps and could hardly move his arm. This limitation impaired Plaintiff's ability to perform the major life activity of working and, therefore, constituted a disability. Plaintiff notified management of his injuries.

24.    A few days later, Plaintiff visited his medical provider and received an injection for the pain. The medical provider then cleared Plaintiff to work on modified duties, namely no lifting weights over five pounds or lifting his arm over shoulder level. Plaintiff notified management of these restrictions. But Employer did not accommodate or engage in an interactive process with Plaintiff. Plaintiff was again assigned to full duties where he had to constantly move and lift heavy merchandise and stock them on shelves above shoulder level. Plaintiff complained about it to management, but nothing was done to accommodate Plaintiff's medical restrictions. As a result of Plaintiff's extraordinary effort to keep his job, Plaintiff's right arm started to feel pain and stress from the heavy work.

25.    On or about October 2023, Plaintiff saw a medical provider who extended Plaintiff's modified duties to both arms. Plaintiff notified Employer of his medical restrictions, but no accommodations were provided. Instead, Plaintiff was assigned the extra work of putting up signage, which required Plaintiff to constantly lift his arms above his shoulders.

26.    Between October 2023 and June 2024, Plaintiff asked Employer's management, particularly Angelique, Lauren, and Stephanie, for accommodation multiple times. But all requests were ignored.

27.    Between July 2023 and June 2024, Employer consistently failed to reasonably accommodate Plaintiff's medical needs, aggravating his injuries, despite his repeated requests. Plaintiff is informed and believes that Employer's failure to accommodate and engage in a good faith interactive process with Plaintiff was specifically intended to force him to resign.

28.    On or about June 11, 2024, Plaintiff notified Sudi Doe (hereinafter referred to as "Sudi"), overnight coach, that he had aggravated his right shoulder injury and could not work without reasonable accommodation. This limitation impaired Plaintiff's ability to perform the major life activity of working and, therefore, constituted a disability. Sudi then asked Plaintiff to sign another document that assigned

-7-

COMPLAINT FOR DAMAGES

Plaintiff to the same duties he was already doing. Plaintiff signed the document as requested but explained the document did not address his medical needs and that he needed accommodation. After that, suddenly, Sudi and Alex Doe escorted Plaintiff out of the store. Plaintiff asked Sudi if he was being terminated, and Sudi told him he was not.

29. For the following months, Plaintiff checked back with Employer multiple times for work, but no one returned Plaintiff's calls for clarification regarding his employment status.

30. On or about November 19, 2024, Employer terminated Plaintiff's employment under the pretextual reason that Plaintiff voluntarily abandoned his job. Plaintiff believes this reason is false since Plaintiff was forced out of the workplace on or about June 11, 2024, and subsequently called multiple times to inquire about work, but his calls were never returned.

31. Defendants discriminated against Plaintiff by refusing to accommodate his disability and retaliated by wrongfully terminating him for exercising his right to request reasonable accommodations of his disability.

32. At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

33. At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

34. Plaintiff's wrongful termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

35. Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of

-8-

COMPLAINT FOR DAMAGES

Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

36. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

37. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

38. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

39. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION

## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

40. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

41. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

42. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

43. FEHA requires Defendants to refrain from discriminating against an employee on the basis of disability and/or medical condition, real or perceived, and to prevent discrimination on the

-9-

COMPLAINT FOR DAMAGES

basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

44. Plaintiff was a member of multiple protected classes as a result of Plaintiff's disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition..

45. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

46. Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, failure to hire/re-hire, and wrongful termination, and was harmed thereby.

47. Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real and perceived, , and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

48. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

49. The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

50. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

51. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

-10-

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

52.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

53.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

54.    These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

55.    Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave based upon Plaintiff's disability, medical condition, , real or perceived, and use of medical leave.

56.    Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and wrongful termination, and was harmed thereby.

57.    Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

58.    Defendants violated the FEHA by retaliating against Plaintiff and wrongfully terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

59.    Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

60.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

61.    The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

-11-

COMPLAINT FOR DAMAGES

62.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

63.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

## IN VIOLATION OF GOV'T CODE §12940(k)

## AGAINST ALL DEFENDANTS

64.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

65.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

66.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

67.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

68.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

-12-

COMPLAINT FOR DAMAGES

rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

69. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

70. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

71. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

72. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

73. At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and

-13-

COMPLAINT FOR DAMAGES

continued to violate this obligation, up to and including the date of Plaintiff's wrongful termination or, if Defendant contends Plaintiff was never wrongfully terminated, through the present and ongoing.

74. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

75. The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

76. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

77. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

### FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

78. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

79. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

-14-

COMPLAINT FOR DAMAGES

80.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

81.    Plaintiff reported the disability to Defendants and requested reasonable accommodation in the form of modified duties and time off to treat his injuries triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and wrongfully terminated Plaintiff's employment for exercising his rights to medical leave and/or reasonable accommodation.  Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of multipole doctors' notes identifying Plaintiff's condition, verbal notifications of injuries, and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff before Plaintiff was wrongfully terminated.

82.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

83.    The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

84.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

85.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

-15-

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

## FOR WRONGFUL TERMINATION

## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA

## AGAINST ALL DEFENDANTS

86.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

87.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

88.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

89.    Plaintiff believes and thereon alleges that Plaintiff's disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

90.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of disability, medical condition, real or perceived, or use of medical leave, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

91.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and wrongfully terminating Plaintiff's employment in retaliation for exercise of protected rights.

-16-

COMPLAINT FOR DAMAGES

92.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, exercise of PDLL rights, or in violation of FEHA.

93.     Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

94.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

95.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

3.     For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

-17-

COMPLAINT FOR DAMAGES

4.    For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

7.    For post-judgment interest; and

8.    For any other relief that is just and proper.

DATED: December 2, 2025                  **SGGB LAW FIRM, LLP**

By:  _____
     Samvel Geshgian, Esq.
     Gourgen Babayan, Esq.
     Ricardo Kim, Esq.
     *Attorneys for Plaintiff,*
     JAMAL EDWARD LEE WOODLEY

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: December 2, 2025                  **SGGB LAW FIRM, LLP**

By:  _____
     Samvel Geshgian, Esq.
     Gourgen Babayan, Esq.
     Ricardo Kim, Esq.
     *Attorneys for Plaintiff,*
     JAMAL EDWARD LEE WOODLEY

-18-
COMPLAINT FOR DAMAGES

Electronically Filed Superior Court of CA County of Contra Costa 12/2/2025 12:22 PM By: C. Padilla, **SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
| --- | --- |
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMAL EDWARD LEE WOODLEY, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* Wakefield Taylor Courthouse | *(Número del Caso):* |
| 725 Court Street, Martinez, California 94553 | C25-03522 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SGGB LAW FIRM, LLP; 16530 Ventura Boulevard, Suite 409, Encino, California 91436; (818) 855-1018

| DATE: | | Clerk, by | /s/ C. Padilla | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | 12/2/2025 12:22 PM | *(Secretario)* _____ | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  WAL-MART ASSOCIATES, INC., a Delaware Corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courts.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

Processed by Court on 12/4/2025 11:34 AM

Electronically Filed Superior Court of CA County of Contra Costa 12/2/2025 12:22 PM By: C. Padilla, Deputy

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Samvel Geshgian, Esq. (SBN 300470); Gourgen Babayan, Esq. (SBN 314499)<br>SGGB LAW FIRM, LLP; 16530 Ventura Boulevard, Suite 409, Encino, California 91436<br><br>TELEPHONE NO.: (818) 855-1018          FAX NO.: (818) 474-0047<br>EMAIL ADDRESS: sg@sggblaw.com; gb@sggblaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Jamal Edward Lee Woodley | *FOR COURT USE ONLY* |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  CONTRA COSTA |
|---|
| STREET ADDRESS: 725 Court Street |
| MAILING ADDRESS: 725 Court Street |
| CITY AND ZIP CODE: Martinez 94553 |
| BRANCH NAME: Wakefield Taylor Courthouse |

| CASE NAME:<br>Jamal Edward Lee Woodley v. Wal-Mart Associates, Inc., et al. |
|---|

| CIVIL CASE COVER SHEET<br>[x] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $35,000)  $35,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>C25-03522 |
|---|---|---|
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* six (6)
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 2, 2025

Gourgen Babayan, Esq.
(TYPE OR PRINT NAME)     ▶     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET**<br>Processed by Court on 12/4/2025 11:34 AM | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
        relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# EXHIBIT C

JAMES CONLEY, Bar No. 224174
jconley@grsm.com
DIANE N. HOLLAND, Bar No. 332992
dgerstenfeld@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California 95825
Telephone:     (916) 565-2900
Facsimile:      (916) 920-4402

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| JAMAL EDWARD LEE WOODLEY, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | CASE NO: C25-03522<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br><br>Complaint Filed:  December 2, 2025 |

-1-
DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant WAL-MART ASSOCIATES, INC. ("Defendant") hereby answers the Original Complaint ("Complaint") filed by Plaintiff JAMAL EDWARD LEE WOODLEY ("Plaintiff"):

### GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

### THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

### FOURTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's Complaints.

///

DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

## SIXTH AFFIRMATIVE DEFENSE

### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

///

///

///

DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

///

-4-

DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Not a Covered Employer)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was not a covered employer at the time the alleged wrongful conduct occurred.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Not a Substantial Motivating Reason)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff is Not a Qualified Individual with a Disability)**

The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Reasonable Accommodation Creates Undue Hardship)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was excused from a providing a reasonable accommodation as the reasonable accommodation required would create an undue hardship for Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Same Decision Limits Remedies)**

The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

///

DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Penalties)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-2000, and any award of such penalties or damages would, in general or under the facts of Plaintiff's particular claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

///

///

DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of the Complaint;

2.     That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.     That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4.     That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  January 7, 2026                GORDON REES SCULLY MANSUKHANI


_____
James Conley
Diane N. Holland
Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

-7-
DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**
*Woodley. v. Wal-Mart Associates, Inc., et al.*
Contra Costa County Superior Court, Case No. C25-03522

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Gordon Rees Scully Mansukhani, 3 Parkcenter Drive, Suite 200, Sacramento, CA 95825. On January 7, 2026, I served the foregoing document(s) described as:

**DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

By sending a true copy thereof to the address listed below:

**SEE ATTACHED SERVICE LIST**

☐ **By Messenger Service.** I served the documents by providing them to a professional messenger service for personal service.

☐ **By Overnight Delivery.** I deposited a sealed envelope containing a true and correct copy of the documents listed above for overnight delivery and with the postage fully prepaid.

☒ **By E-Mail or Electronic Transmission.** I caused the documents to be sent to the persons at the email address listed above in a PDF file, and the transmission appeared to be successful.

☒ **By United States Mail.** I deposited a sealed envelope containing a true and correct copy of the documents listed above with the United States Postal Service with the postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sacramento, California.

☐ **By Fax Transmission.** I faxed the documents to the persons at the fax number listed above, and the transmission appeared to be successful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 7, 2026** at Oakland, California.

_____
Christine Coopey

_____

-8-
DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**SERVICE LIST**

Samvel Geshgian
Gourgen Babayan
Ricardo Kim
SAMVEL GESHGIAN SGGB LAW FIRM, LLP
16530 Ventura Boulevard, Suite 409
Encino, CA 91436
Telephone: (818) 474-1011
Facsimile: (818) 474-0047
sg@sggblaw.com
gb@sggblaw.corn
rkim@sggblaw.com
Attorneys for Plaintiff Jamal Edward Lee Woodley

DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT